## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| mGage, LLC | |
|                 Plaintiff, | CIVIL ACTION NO.: |
| vs. | _____ |
| CITGO Petroleum Corporation | |
|                 Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff mGage, LLC ("Plaintiff" or "mGage"), by and through its undersigned counsel, brings this action for declaratory judgment against CITGO Petroleum Corporation ("Defendant" or "CITGO"), alleging as follows:

## NATURE OF THE LAWSUIT

1.

This is an action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 against CITGO for a declaration that mGage has no liability or obligation to CITGO for contribution under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 for monies that CITGO voluntarily agreed to pay in settlement of the case *Gottlieb v. CITGO Petroleum Corporation*, No. 9:16-cv-

81911-RLR (S.D. Fla).

## **JURISDICTION AND VENUE**

2.

mGage is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

3.

CITGO is a Delaware corporation with its principal place of business in Houston, Texas.

4.

This Court has personal jurisdiction over CITGO because CITGO is engaged in substantial and not isolated business activities in the state of Georgia and in this judicial district.  Moreover, CITGO is registered as a Foreign Profit Corporation in the State of Georgia with a registered agent office located at 289 S Culver St, Lawrenceville, GA 30046.

5.

This Court has jurisdiction to declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202, because this action presents a case of actual controversy within this Court's jurisdiction.

6.

Venue is proper in this judicial district under 28 U.S.C. §1391 and/or because Plaintiff resides in this District, Defendant transacts business in this District, and/or a substantial part of the events giving rise to the claim occurred in this District.

**FACTS COMMON TO ALL COUNTS**

7.

On November 23, 2016, Matthew Gottlieb ("Gottlieb") filed a class action lawsuit against CITGO in the United States District Court for the Southern District of Florida under the caption *Gottlieb v. CITGO Petroleum Corporation*, No. 9:16-cv-81911-RLR (S.D. Fla) (hereinafter, the "Gottlieb Action").

8.

Gottlieb's claim against CITGO alleged violations of 47 U.S.C.§227(b)(1)(A)(iii) of the TCPA, which prohibits using an "automatic telephone dialing system" ("ATDS" or "autodialer") "to make any call . . . to any telephone number assigned to a . . . cellular telephone service" without first obtaining "the prior express consent of the called party."

9.

Despite its denials as to liability, in July 2017 CITGO agreed to settle the Gottlieb Action on a class-wide basis for $8,000,000 plus up to $300,000 in settlement administrative costs (the "CITGO TCPA Settlement Payments").

10.

On October 23, 2017, CITGO filed suit against mGage in *Citgo Petroleum Corporation v. MTI Connect, LLC d/b/a Black Canyon, and mGage, LLC*, Case No. 17-CV-12128 in the Circuit Court of Milwaukee County, State of Wisconsin (the "Wisconsin Litigation"). The Complaint in the Wisconsin Litigation is attached hereto as Exhibit A and is hereby incorporated by reference in its entirety.

11.

The Wisconsin Litigation sought to recover from mGage the CITGO TCPA Settlement Payments that CITGO made to the Gottlieb class for violations of the federal Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227 in the Gottlieb Action. [Ex. A, ¶ 5.].

12.

In the Wisconsin Litigation, CITGO sought judgment against mGage for the CITGO TCPA Settlement Payments *to wit*:

> B. The Court enter judgment in favor of CITGO and against mGage, LLC in the amount of: (1) CITGO's reasonable settlement

payments to Matthew Gottlieb and the *Gottlieb* settlement class; (2) CITGO's attorneys' fees in litigating the *Gottlieb* action; (3) CITGO's costs incurred in litigating the *Gottlieb* action, including settlement administration costs; and (4) other damages suffered by CITGO in connection with mGage, LLC's conduct;

[Ex. A, Prayer for Relief.].

13.

CITGO's claims against mGage are based on mGage's alleged violations of the TCPA, as alleged in the Wisconsin Complaint, "to the extent that CITGO could have been found liable to Gottlieb and his purported classes, [CITGO's] liability was vicarious as a result of mGage's violations of the TCPA." [Ex. A, ¶ 49.].

14.

CITGO asserted that "mGage is obligated to compensate CITGO . . . for the amount of CITGO's settlement in the *Gottlieb* matter and the amount of CITGO's fees and costs incurred in litigating the *Gottlieb* matter, including settlement administration costs." [Ex. A, ¶ 53.].

15.

On February 22, 2018, mGage filed a motion to dismiss the Wisconsin Litigation for lack of personal jurisdiction. The Wisconsin circuit court issued a written decision denying mGage's motion on August 1, 2018.

16.

On August 15, 2018, mGage filed its Petition for Leave to Appeal Non-Final Order (the "Petition") with the Court of Appeals of Wisconsin. The Wisconsin Court of Appeals granted mGage's Petition on October 29, 2018.

17.

On August 18, 2020, the Wisconsin Court of Appeals reversed the circuit court's order regarding personal jurisdiction over mGage and remanded with directions to the circuit court to dismiss mGage from the Wisconsin Litigation.

18.

Upon information and belief, CITGO continues to assert that mGage is vicariously liable for contribution as to the CITGO TCPA Settlement Payments.

19.

Although CITGO styled its causes of action in the Wisconsin Litigation as agency, negligence, negligent misrepresentation, and strict responsibility misrepresentation, the essence of each of its claims are to hold mGage responsible for the CITGO TCPA Settlement Payments under the theory that mGage, rather than CITGO, was at fault. [Ex. A, Prayer for Relief at 21.]. Despite CITGO's artful pleading, the gravamen of each of Plaintiff's claims is that mGage's alleged violations of the TCPA entitle CITGO to contribution from mGage for the settlement

of the Gottlieb Action. [*See* Ex. A, ¶¶ 49, 53, Prayer for Relief.].

20.

This Court has subject matter jurisdiction over Counts I-IV of this action under the T.C.P.A., 47 U.S.C. § 227 and under federal common law as CITGO's claims raise a federal question.  Specifically, although CITGO artfully styled its causes of action in an effort to circumvent the doctrine that contribution is not permitted under federal law unless explicitly authorized by Congress or established through federal common law. On the face of its Complaint, CITGO asserts that "to the extent that CITGO could have been found liable to Gottlieb and his purported classes, [CITGO's] liability was vicarious as a result of mGage's violations of the TCPA" and that "mGage is obligated to compensate CITGO . . . for the amount of CITGO's settlement in the *Gottlieb* matter and the amount of CITGO's fees and costs incurred in litigating the *Gottlieb* matter, including settlement administrative costs." [Ex. A, ¶¶ 49, 53.]. As such, CITGO's claims are merely an artfully pled claim for contribution.  *See Envtl. Progress, Inc. v. Metro. Life Ins.*, No. 12-CV-80907, 2013 WL 12084488 (S.D. Fla. Apr. 1, 2013) (The court considered the "underlying gravamen" of the cross-claim and held that the requested relief—"some or all of the costs associated with this case if it is found for violations of the TCPA"—was "the functional equivalent [of] a claim for contribution.").

21.

CITGO's right to contribution for violations of the TCPA is governed by federal law.  The TCPA does not create an affirmative cause of action for contribution and federal common law does not recognize a cause of action for contribution.

## COUNT I:

## DECLARATION OF NO LIABILITY:
## AGENCY

22.

mGage re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

23.

As detailed in Exhibit "A", CITGO asserts that mGage was CITGO's subagent.  CITGO further asserts that mGage is obligated to compensate CITGO under agency-law principles for the CITGO TCPA Settlement Payments.  mGage disputes CITGO's assertion that it was CITGO's subagent.  Further, while styled as an agency claim, this claim is in essence a claim for TCPA contribution, which is not permitted under federal common law.

24.

Upon information and belief, CITGO continues to assert that mGage is

vicariously liable for contribution as to the CITGO TCPA Settlement Payments under the theory that mGage was CITGO's subagent.

25.

As a result of the acts described in the foregoing paragraphs, there exists an active and justiciable controversy and substantial controversy of sufficient immediacy and reality to necessitate a determination by this Court as to the parties' rights and obligations concerning this dispute and warranting the issuance of a declaratory judgment.

26.

The ends of justice require a declaratory judgment issue that mGage is entitled to a judgment finding that has no liability to CITGO under CITGO's claim of violations of agency law and has no obligation of contribution to CITGO for the CITGO TCPA Settlement Payments.

<b>COUNT II:</b>

<b>DECLARATION OF NO LIABILITY:<br><u>NEGLIGENCE</u></b>

27.

mGage re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

9

28.

As detailed in Exhibit "A", CITGO asserts that it was owed a duty of care by mGage, however, mGage contends that it owed no duty of care to CITGO such that it could be liable to CITGO for negligence.  Further, while styled as a negligence claim, this claim is in essence a claim for TCPA contribution, which is not permitted under federal common law.

29.

Upon information and belief, CITGO continues to assert that mGage is vicariously liable for contribution as to the CITGO TCPA Settlement Payments under the theory of negligence.

30.

As a result of the acts described in the foregoing paragraphs, there exists an active and justiciable controversy and substantial controversy of sufficient immediacy and reality to necessitate a determination by this Court as to the parties' rights and obligations concerning this dispute warranting the issuance of a declaratory judgment.

31.

The ends of justice require a declaratory judgment issue that mGage is entitled to a judgment finding that has no liability to CITGO under CITGO's claim of

negligence and has no obligation of contribution to CITGO for the CITGO TCPA Settlement Payments.

## COUNT III:

## DECLARATION OF NO LIABILITY:
## NEGLIGENT MISREPRESENTATION

32.

mGage re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

33.

As detailed in Exhibit "A", CITGO alleges mGage negligently mispresented that its mobile messaging platform (the "Platform") could be used to send double opt-in messages.  mGage contests these allegations and disputes that it made any misrepresentations to CITGO.  Further, while styled as a negligent misrepresentation claim, this claim is in essence a claim for TCPA contribution, which is not permitted under federal common law.

34.

Upon information and belief, CITGO continues to assert that mGage is vicariously liable for contribution as to the CITGO TCPA Settlement Payments under the theory that mGage made negligent misrepresentations.

35.

As a result of the acts described in the foregoing paragraphs, there exists an active and justiciable controversy and substantial controversy of sufficient immediacy and reality to necessitate a determination by this Court as to the parties' rights and obligations concerning this dispute warranting the issuance of a declaratory judgment.

36.

The ends of justice require a declaratory judgment issue that mGage is entitled to a judgment finding that has no liability to CITGO under CITGO's claim of negligent misrepresentation and has no obligation of contribution to CITGO for the CITGO TCPA Settlement Payments.

## COUNT IV:

## DECLARATION OF NO LIABILITY:
## STRICT RESPONSIBILITY MISREPRESENTATION

37.

mGage re-alleges and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

38.

As detailed in Exhibit "A", CITGO alleges mGage mispresented that its Platform could be used to send double opt-in messages and should be held strictly

liable for said alleged misrepresentation.  mGage contests these allegations and disputes that it made any misrepresentations to CITGO.  Further, while styled as a misrepresentation claim, this claim is in essence a claim for contribution, which is not permitted under federal common law.

39.

Upon information and belief, CITGO continues to assert that mGage is vicariously liable for contribution as to the CITGO TCPA Settlement Payments under the theory that mGage made misrepresentations.

40.

As a result of the acts described in the foregoing paragraphs, there exists an active and justiciable controversy and substantial controversy of sufficient immediacy and reality to necessitate a determination by this Court as to the parties' rights and obligations concerning this dispute warranting the issuance of a declaratory judgment.

41.

The ends of justice require a declaratory judgment issue that mGage is entitled to a judgment finding that has no liability to CITGO under CITGO's claim of strict liability misrepresentation and has no obligation of contribution to CITGO for the CITGO TCPA Settlement Payments

## PRAYER FOR RELIEF

WHEREFORE, mGage prays for relief against CITGO and respectfully requests judgment as follows:

a) For a declaration that mGage has no liability or obligation to CITGO for contribution, regardless of how the cause of action is styled, under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 for monies that CITGO voluntarily agreed to pay to in settlement of the case *Gottlieb v. CITGO Petroleum Corporation*, No. 9:16-cv-81911-RLR (S.D. Fla).

b) For recovery of attorneys' fees and costs.

c) For other relief as the Court may deem just and proper.

This 1st day of September 2020.      **SCHOENTHALER LAW GROUP**

_____

Peter F. Schoenthaler
Georgia Bar No. 629789
Ann R. Emery
Georgia Bar No. 897305
Christopher Rosser 761317
Georgia Bar No.
PETER F. SCHOENTHALER, P.C.
3200 Windy Hill Road, SE
Suite 1600E
Atlanta, Georgia 30339
(tel.) (404) 592-5397
(fax) (404) 891-6120

pfs@schoenthalerlaw.com
aemery@schoenthalerlaw.com
crosser@schoenthalerlaw.com

*Attorneys for Plaintiff*